1 | Joseph G. Adams (#018210)
David G. Barker (#024657)
2 | Peter R. Montecuollo (#031596)
SNELL & WILMER L.L.P.
3 | One Arizona Center
400 E. Van Buren
4 | Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
5 | Facsimile: (602) 382-6070
Email: jgadams@swlaw.com
6 |        dbarker@swlaw.com
        pmontecuollo@swlaw.com
7 |
Attorneys for Plaintiff
8 | Great American Duck Races, Inc.

9

10                    UNITED STATES DISTRICT COURT FOR THE

11                              DISTRICT OF ARIZONA

12

13 | Great American Duck Races, Inc., an          Case No.
Arizona corporation,
14
                                                  **COMPLAINT**
15                        Plaintiff,

16 | vs.                                          (Jury Trial Demanded)

17 | Amazon.com, Inc., a Delaware
corporation; the individuals and/or
18 | entities known by the following
Amazon.com seller names: Applebuy;
19 | AshopZ; best-buy2010; BrainyDeal;
BrainyTrade; BrickStreet; CrazyDeal;
20 | Deal Scoop; Elisona; ExGizmo; Find-me-
a-gift UK; Gadget Zone; Ghope Tech;
21 | Gosear; Green House Store; Homebeauty;
Iysa_Gimaix; Kastonecorp; KeyZone; L
22 | & L Quality Merchandise; Lemonbest;
Mambate USA; PLLT; Rhett PDX;
23 | Tabstore; 2 Days Delivery; Sunwise LLC;
Sutech Shop; VicDirect; Vxtech; ZhiZhu;
24 | BrainyTrade USA, Inc., a New Jersey
corporation; Fuloon, a Chinese entity;
25 | LemonBest, a Chinese entity; ShenZen
Lemon Tree Technology Co., ltd, a
26 | Chinese corporation; the individual or
entity know by the name AGPtEK; the
27 | individual or entity known by the name
AquaGlow; the individual or entity
28 | known by the name Ayangyang; the

individual or entity known by the name
DBPOWER; the individual or entity
known by the name Patuoxun; the
individual or entity known by the name
ToyCentre; the individual or entity known
by the name VicTec; and Does 1 through
10, individuals and/or entities whose true
names are not yet known to Plaintiff,

Defendants.

Plaintiff Great American Duck Races, Inc., which does business as Great American Merchandise & Events ("GAME"), alleges the following for its complaint against the above-captioned defendants ("Defendants"):

## **PARTIES**

1.      GAME is an Arizona corporation with its principal place of business located in Scottsdale, Arizona.

2.      Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington.

3.      Defendants  Applebuy, AshopZ, best-buy2010, BrainyDeal, BrainyTrade, BrickStreet, CrazyDeal, Deal Scoop, Elisona, ExGizmo, Find-me-a-gift UK, Gadget Zone, Ghope Tech, Gosear, Green House Store, Homebeauty, Iysa_Gimaix, Kastonecorp, KeyZone, L & L Quality Merchandise, Lemonbest, Mambate USA, PLLT, Rhett PDX, Tabstore, 2 Days Delivery, Sunwise LLC, Sutech Shop, VicDirect, Vxtech, and ZhiZhu, whose identities are currently known to Plaintiff only by their Amazon.com seller names ("Seller Name Defendants"), are individuals and/or entities who have offered products infringing GAME's patents for sale via the Internet, using the Amazon.com website, within the past 180 days.

4.      Defendant BrainyTrade USA, Inc. is a New Jersey entity that has manufactured and/or offered for sale via the Internet, using the Amazon.com website, products infringing GAME's patents within the past 180 days.

1
2
3

5. Defendant Fuloon is a Chinese entity that has manufactured and/or offered for sale via the Internet, using the Amazon.com website, products infringing GAME's patents within the past 180 days.

4
5
6

6. Defendant LemonBest is a Chinese entity that has manufactured and/or offered for sale via the Internet, using the Amazon.com website, products infringing GAME's patents within the past 180 days.

7
8
9
10
11
12

7. Defendant ShenZhen Lemon Tree Technology Co., ltd is a Chinese entity that has manufactured and/or offered for sale via the internet, using the Amazon.com and Lemonbest.com websites, products infringing GAME's patents within the past 180 days. On information and belief, ShenZhen Lemon Tree Technology Co., ltd does business as LemonBest and/or Lemonbest, as well as under the Amazon.com seller name "Lemonbest."

13
14
15

8. Defendant AGPtEK is an individual or entity that has manufactured and/or offered for sale via the Internet, using the Amazon.com website, products infringing GAME's patents within the past 180 days.

16
17
18

9. Defendant AquaGlow is an individual or entity that has manufactured and/or offered for sale via the Internet, using the Amazon.com website, products infringing GAME's patents within the past 180 days.

19
20
21

10. Defendant Ayanyang is an individual or entity that has manufactured and/or offered for sale via the Internet, using the Amazon.com website, products infringing GAME's patents within the past 180 days.

22
23
24

11. Defendant DBPOWER is an individual or entity that has manufactured and/or offered for sale via the Internet, using the Amazon.com website, products infringing GAME's patents within the past 180 days.

25
26
27

12. Defendant Patuoxun is an individual or entity that has manufactured and/or offered for sale via the Internet, using the Amazon.com website, products infringing GAME's patents within the past 180 days.

28

Snell & Wilmer

13.    Defendant ToyCentre is an individual or entity that has manufactured and/or offered for sale via the Internet, using the Amazon.com website, products infringing GAME's patents within the past 180 days.

14.    Defendant VicTec is an individual or entity that has manufactured and/or offered for sale via the Internet, using the Amazon.com website, products infringing GAME's patents within the past 180 days.

15.    Defendants Does 1 through 10 (or "Doe Defendants") are individuals and/or entities who have offered products infringing GAME's patents for sale via the Internet, using the Amazon.com website, within the past 180 days.  As discovery progresses, GAME anticipates that additional individual and/or entity defendants, currently designated as Does 1 through 10, may be identified, and, if so, intends to amend this Complaint accordingly.

## JURISDICTION AND VENUE

16.    This civil action includes claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1-376.  This civil action further includes claims for common law unfair competition under the laws of the State of Arizona.  GAME is a citizen of the State of Arizona.

17.    This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.  This Court also has supplemental jurisdiction over the claim of unfair competition as provided in 28 U.S.C. § 1367.

18.    Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants have committed acts of patent infringement, contributed to and induced acts of patent infringement by others, and/or committed acts of unfair competition in the District of Arizona and elsewhere in the United States.  On information and belief, Defendants have substantial and continuous contacts with the State of Arizona, have purposefully availed themselves of the privilege of doing business in Arizona, and have purposefully directed their infringing activities at Arizona, knowing GAME would be harmed by the infringement in Arizona.  Further,

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   Defendants have purposefully injected their infringing products into the stream of
2   commerce, knowing that the infringing products would be sold in Arizona, and
3   Defendants' products have in fact been sold in Arizona.

4        19.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c)
5   and 1400(b) because Defendants are subject to personal jurisdiction here and have
6   committed acts of infringement here, and because a substantial part of the events giving
7   rise to GAME's claims occurred here.

8   **FACTUAL BACKGROUND**

9        20.    Headquartered in Scottsdale, Arizona, GAME is an innovative marketing
10  and merchandise company that sells popular consumer products directed at the pool and
11  spa industry.  GAME's products are sold in a variety of well-known retail outlets, such
12  as Fry's/Kroger, Target, Wal-Mart, and Walgreens, as well as through online retailers,
13  such as Amazon.com.  GAME also provides services to diverse non-profit organizations
14  that raise millions of dollars for charities across the globe with GAME's well-known
15  "Derby Duck Races."

16       21.    GAME is the exclusive licensee of rights to a unique series of products
17  called the Underwater Light Show or Underwater Light Show & Fountain (collectively,
18  "ULS"), including the right to manufacture, advertise, promote, offer for sale, sell, and
19  distribute the ULS in the United States.  GAME has been selling the ULS since March
20  13, 2006.  Since the introduction of the products, GAME has sold over 5.0 million units
21  of ULS products.  GAME sells the ULS through national retailers, including the well-
22  known retail outlets listed above.

23       22.    The ULS provides a novel and entertaining, bright and colorful light
24  display in a body of water.  The ULS creates light shows by, for example, causing LEDs
25  to flash randomly, stay on continuously, fade from one color to the next, flash multiple
26  colors together, or to randomly cycle through various shows.  The result is an attractive
27  light display that enhances the environment in and around a body of water.

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

23.     Since 2006, GAME has invested significant sums to market and advertise the ULS, which has resulted in significant consumer goodwill and recognition of GAME as the source of the ULS, including the ULS depicted below.  The ULS contains non-functional, source-identifying trade dress, designs, features, and other indicia that are distinctive and capable of identifying GAME as the source of the ULS.

24.     On August 19, 2008, the United States Patent and Trademark Office ("PTO") issued United States Patent Number 7,413,319 ("the '319 Patent") [attached as Ex. A], entitled "METHOD AND SYSTEM FOR UNDERWATER LIGHT DISPLAY," and on May 18, 2010, the PTO issued United States Patent Number 7,717,582 ("the '582 Patent") [attached as Ex. B], also entitled "METHOD AND SYSTEM FOR UNDERWATER LIGHT DISPLAY," to Jose Longoria, Loren T. Taylor, and Traci Heather Feldman.  Taylored Concepts, LLC, a New Jersey corporation having its principal place of business located in Chatham, New Jersey, and Longoria Design, LLC, a Florida company having its place of business located in Miami, Florida, are the assignees of all right, title, and interest in and to the '319 and '582 Patents.  The '319 and '582 Patents include disclosure relating to the ULS.  True and correct copies of the '319 and '582 Patents are attached to this Complaint as Exhibit A and Exhibit B.

25.     GAME is the exclusive licensee of the '582 and '319 Patents from Taylored Concepts, LLC and Longoria Design, LLC, with the exclusive right to manufacture, advertise, promote, offer for sale, sell, and distribute products associated with the '582 and '319 Patents in the United States, and with the right to bring suit to enforce the '582 and '319 Patents, including the right to recover damages for past infringement.  GAME has been the exclusive licensee throughout the period of the Defendants' infringing acts and remains as such.

26.     FIGs. 4 and 8 from the '582 patent, shown below, which are similar to FIGs. 4 and 8 from the '319 patent, illustrate GAME's patented ULS:

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



27.    A front view and a top view of GAME's patented ULS are shown below:

 

28.    Defendants manufacture, offer for sale, sell, import into the United States, and/or distribute infringing products under such names as "VicTsing 5 Light Patterns Underwater LED Disco AquaGlow Light Show Pond Pool Spa Hot Tub" ("Water Light Show"), "Underwater Bath Light Show LED Water Floating Disco Ball Light Lamp for Show Swimming Pool Pond Spa Hot Bath Tub," "TabStore DBPOWER Underwater Show LED Light 7 Patterns Disco Ball Aqua Glow Light for Pool Bath Hot Tub SPA Party Decoration," and "Patuoxun Underwater Floating LED Light Show for Outdoor Pond Swimming Pool Spa Hot Tub" ("Floating LED Light Show") (collectively "Floating Light Shows").

29.    On information and belief, Defendants' Floating Light Shows are identical products sold under different names by the different Defendants.

30.    Defendants' infringing Floating Light Shows are illustrated below:

- 7 -

 

31.     Defendants have made, used, sold, or offered for sale Defendants' Floating Light Shows in the United States and in Arizona, and have imported or distributed Defendants' Floating Light Shows into the United States and into Arizona.  In particular, the Floating Light Shows have been sold on Amazon.com.

32.     On information and belief, Defendants sell or offer for sale the Floating Light Shows in a variety of channels.  Among other things, Defendants advertise and market the Floating Light Show on Amazon.com at

- http://www.amazon.com/gp/product/B00EVTOLVU/ref=oh_aui_detailpage_o01_s00?ie=UTF8&psc=1.

- http://www.amazon.com/gp/product/B00DS6YL8A/ref=oh_aui_detailpage_o00_s00?ie=UTF8&psc=1.

- http://www.amazon.com/TabStore-DBPOWER-Underwater-Patterns-Decoration/dp/B00ST6B8J4/ref=sr_1_86?ie=UTF8&qid=1425308222&sr=8-86&keywords=underwater+light+show.

- http://www.amazon.com/AGPtek-Floating-Underwater-Swimming-Bathtub/dp/B00NUMB9UA/ref=sr_1_17?ie=UTF8&qid=1425307839&sr=8-17&keywords=underwater+light+show.

- http://www.amazon.com/AquaGlow-Underwater-Splash-Discontinued-Manufacturer/dp/B002RL8PDO/ref=sr_1_29?ie=UTF8&qid=1425307839&sr=8-29&keywords=underwater+light+show.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

- http://www.amazon.com/Underwater-Disco-AquaGlow-Light-Show/dp/B00TP7D9CU/ref=sr_1_34?ie=UTF8&qid=1425307939&sr=8-34&keywords=underwater+light+show.

- http://www.amazon.com/ToyCentre-Tobar-Underwater-Light-Show/dp/B004ZWVQMA/ref=sr_1_89?ie=UTF8&qid=1425308222&sr=8-89&keywords=underwater+light+show.

- http://www.amazon.com/Swimming-Underwater-Projecting-Rotating-Starship/dp/B00RE39EPS/ref=sr_1_100?ie=UTF8&qid=1425308380&sr=8-100&keywords=underwater+light+show.

- http://www.amazon.com/Fuloon-Patterns-Underwater-Perfect-Swimming/dp/B00LUKLNKA/ref=sr_1_106?ie=UTF8&qid=1425308380&sr=8-106&keywords=underwater+light+show.

- http://www.amazon.com/Homebeauty-Waterproof-Underwater-LED-light/dp/B00S49WMA0/ref=sr_1_130?ie=UTF8&qid=1425308676&sr=8-130&keywords=underwater+light+show.

- http://www.amazon.com/5-Color-Underwater-Light-Show-Pool/dp/B00U02QYBC/ref=sr_1_137?ie=UTF8&qid=1425308676&sr=8-137&keywords=underwater+light+show.

- http://www.amazon.com/bestbuy-Multi-color-Underwater-Light-Floating/dp/B00R5TK9NC/ref=sr_1_141?ie=UTF8&qid=1425308676&sr=8-141&keywords=underwater+light+show.

- http://www.amazon.com/Swimming-Color-Changing-Floating-Underwater/dp/B00Q7N87YK/ref=sr_1_142?ie=UTF8&qid=1425308676&sr=8-142&keywords=underwater+light+show.

33.     Defendants copied functional aspects of the ULS, such that Defendants' Floating Light Shows infringe one or more claims of the '582 and '319 Patents.

34.     On information and belief, prior to copying the ULS, Defendants were aware that the ULS was protected by the '582 and '319 Patents.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

35.     On information and belief, based on Defendants' intentional copying of the ULS and Defendants' knowledge of the '582 and '319 Patents before copying the ULS, Defendants willfully infringed the '582 and '319 Patents.

## DEFENDANTS INTENTIONALLY COPIED GAME'S PRODUCTS TO UNFAIRLY COMPETE WITH GAME

36.     Under the "VicTsing 5 Light Patterns Underwater LED Disco AquaGlow Light Show Pond Pool Spa Hot Tub," "Patuoxun Underwater Floating LED Light Show for Outdoor Pond Swimming Pool Spa Hot Tub," and other names, Defendants have copied GAME's ULS.

37.     In particular, Defendants have offered for sale and sold virtually identical copies of GAME's ULS product, namely the Floating Light Shows.

38.     On information and belief, Defendants have made, used, sold, or offered for sale Defendants' Floating Light Shows in the United States and in Arizona, and have imported or distributed Defendants' Floating Light Shows into the United States and into Arizona.

39.     On information and belief, Defendants purposefully directed their intentional acts of infringement relating to Defendants' Floating Light Shows at Arizona by expressly aiming those intentional acts at Arizona, with the knowledge that GAME was likely to suffer harm in Arizona.

40.     Defendants' Floating Light Shows are sold on Amazon.com, including to consumers in Arizona and other states, and on information and belief, throughout the United States.  On Amazon.com, Defendants' Floating Light Shows are sold alongside GAME's ULS and other GAME products.

41.     As nearly identical copies of GAME's ULS, Defendants' Floating Light Shows have also copied certain non-functional, distinctive, source-identifying features and indicia of the ULS in an attempt to unfairly compete with GAME and capitalize on the goodwill GAME has developed through its extensive marketing and sales of the ULS and its other products.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

42.     Defendants' Floating Light Shows, while appearing nearly identical, are inferior in quality to the ULS product in numerous respects.

43.     In addition to copying non-functional, source-identifying features and indicia associated with the ULS, Defendants also copied functional aspects of the ULS, such that Defendants' Floating Light Shows infringe one or more claims of the '582 and '319 Patents.

44.     Defendants intentionally copied the ULS, which is evidenced by the degree to which Defendants sought to make the copied products appear nearly identical to GAME's products.  As depicted above, Defendants attempted to make nearly identical copies of certain functional and non-functional features of the ULS, including without limitation, (1) the overall shape of the ULS, (2) the shape and location of lenses on the ULS, (3) the location of batteries within the ULS, (4) the varying underwater light display associated with the ULS, (5) certain labels and marking appearing on the ULS and packaging, and (6) the location of the interior light assembly.

45.     Defendants' intent to copy is also evidenced by Defendants placing Defendants' Floating Light Shows in direct proximity to GAME's ULS and other GAME products on Amazon.com, including to appear in a search for the terms "Underwater Light Show."

46.     Defendants' direct and intentional copying show that non-functional, source-identifying features of the ULS that Defendants copied are distinctive and have secondary-meaning, such that consumers identify GAME as the source of the ULS based on those features.

47.     Prior to copying the ULS, Defendants were aware that the ULS was protected by the '582 and '319 Patents.

48.     Based on Defendants' intentional copying of the ULS and Defendants' knowledge of the '582 and '319 Patents before copying the ULS, Defendants willfully infringed the '582 and '319 Patents.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

49.     Defendants are unfairly competing with GAME, because Defendants made nearly identical copies of the ULS, have infringed the '582 and '319 Patents, and have copied and infringed the non-functional, source-identifying features and trade dress of the ULS.  As such, Defendants are piggybacking on GAME's goodwill and fame, to GAME's detriment and Defendants' unfair advantage and gain.

## COUNT ONE

### (Infringement of the '582 Patent)

50.     GAME realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

51.     Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '582 Patent by practicing one or more claims of the '582 Patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of Defendants' Floating Light Shows in violation of 35 U.S.C. § 271.

52.     Defendants have infringed and are continuing to infringe the '582 Patent by contributing to and/or actively inducing the infringement by others of the '582 Patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of Defendants' Floating Light Shows in violation of 35 U.S.C. § 271.

53.     On information and belief, Defendants have willfully infringed the '582 Patent.

54.     Defendants' acts of infringement of the '582 Patent will continue as alleged in this Complaint unless enjoined by the Court.

55.     As a direct and proximate result of Defendants' infringement of the '582 Patent, GAME has suffered and will suffer monetary damages.

56.     GAME is entitled to recover from Defendants the damages sustained by GAME as a result of Defendants' wrongful acts in an amount to be determined at trial.

57.     GAME has suffered irreparable harm as a result of Defendants' infringement of the '582 Patent.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

58.     Unless Defendants are enjoined by this Court from continuing their infringement of the '582 Patent, GAME will continue to suffer irreparable harm and impairment of the value of its patent rights.  Thus, GAME is entitled to a preliminary and permanent injunction against further infringement.

### COUNT TWO

### (Infringement of the '319 Patent)

59.     GAME realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

60.     Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '319 Patent by practicing one or more claims of the '319 Patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of Defendants' Floating Light Shows in violation of 35 U.S.C. § 271.

61.     Defendants have infringed and are continuing to infringe the '319 Patent by contributing to and/or actively inducing the infringement by others of the '319 Patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of Defendants' Floating Light Shows in violation of 35 U.S.C. § 271.

62.     On information and belief, Defendants have willfully infringed the '319 Patent.

63.     Defendants' acts of infringement of the '319 Patent will continue as alleged in this Complaint unless enjoined by the Court.

64.     As a direct and proximate result of Defendants' infringement of the '319 Patent, GAME has suffered and will suffer monetary damages.

65.     GAME is entitled to recover from Defendants the damages sustained by GAME as a result of Defendants' wrongful acts in an amount to be determined at trial.

66.     GAME has suffered irreparable harm as a result of Defendants' infringement of the '319 Patent.

67.     Unless Defendants are enjoined by this Court from continuing their infringement of the '319 Patent, GAME will suffer additional irreparable harm and

- 13 -

impairment of the value of its patent rights.  Thus, GAME is entitled to a preliminary and permanent injunction against further infringement.

## COUNT THREE

### (Common Law Unfair Competition)

68.    GAME hereby realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

69.    GAME owns common law rights in distinctive, non-functional, source-identifying aspects of the ULS (the "ULS Trade Dress") in Arizona and throughout the United States.

70.    Defendants have sold and continue to sell nearly identical copies of GAME's ULS, and Defendants' Floating Light Shows infringe the ULS Trade Dress.

71.    Defendants have intentionally caused their nearly identical products to appear in close proximity to the ULS on Amazon.com.

72.    Defendants have intentionally caused Defendants' Floating Light Shows to appear to be similar to the ULS, but Defendants' Floating Light Shows are inferior knock-off products.

73.    By reason of Defendants' acts alleged herein, Defendants falsely represent that Defendants are somehow affiliated with, or sponsored or endorsed by, GAME; Defendants dilute the goodwill in the ULS Trade Dress; and Defendants' conduct is therefore likely to confuse, mislead, or deceive purchasers.

74.     By reason of Defendants' acts alleged herein, GAME has suffered and continues to suffer damage to its business, reputation, and goodwill, together with the loss of sales and profits GAME would have made but for Defendants' acts, in an amount to be proven at trial.

75.    By reason of Defendants' acts alleged herein, GAME has suffered and continues to suffer irreparable damage.  Unless Defendants are restrained, the damage and irreparable harm to GAME will increase.  GAME has no adequate remedy at law. GAME is entitled to preliminary and permanent injunctive relief.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**PRAYER FOR RELIEF**

WHEREFORE, GAME prays for judgment against Defendants as follows:

1. For judgment in favor of GAME and against Defendants on the claims set forth above;

2. For judgment that the '582 and '319 Patents are valid, enforceable and infringed by Defendants;

3. For profits and damages resulting from Defendants' past and present infringement of the '582 and '319 Patents;

4. For judgment that Defendants' conduct on each of the claims set forth above was willful, intentional, and/or in bad faith;

5. For treble damages resulting from Defendants' willful infringement of the '582 and '319 Patents under 35 U.S.C. § 284;

6. For Defendants' profits, and damages resulting from Defendants' willful intent to trade on GAME's reputation and goodwill, and Defendants' willful intent to cause dilution of GAME's reputation and goodwill in the ULS trade dress;

7. For judgment that this is an exceptional case under 35 U.S.C. § 285;

8. For an award of reasonable attorneys' fees, including under 35 U.S.C. § 285;

9. For injunctive relief, preliminarily and permanently enjoining against the continuing infringement of the '319 and '582 Patents by Defendants, their officers, agents, servants, employees, and those persons acting in active concert or in participation with them, under 35 U.S.C. § 283;

10. For injunctive relief, preliminarily and permanently enjoining against any conduct that tends to falsely represent or dilute, or that is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and/or members of the public, to believe that Defendants' Floating Light Shows are in any way affiliated or connected with GAME;

11.     For an order that all of Defendants' existing inventory of Defendants' Floating Light Shows be impounded and destroyed, or otherwise reasonably disposed of;

12.     For costs and disbursements incurred by GAME;

13.     For an assessment of prejudgment interest; and

14.     For any other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

GAME hereby demands a jury trial under Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit of which trial by jury is permitted.

Dated this 4th day of March, 2015.

SNELL & WILMER L.L.P.

By: s/Peter R. Montecuollo
    Joseph G. Adams
    David G. Barker
    Peter R. Montecuollo
    One Arizona Center
    400 E. Van Buren
    Phoenix, Arizona  85004-2202
    Attorneys for Plaintiff
    Great American Duck Races, Inc.

21083011.1

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000